Lawrence Brewster
Regional Solicitor
**Daniel J. Chasek**, (CSBN #186968)
Acting Associate Regional Solicitor
Office of the Solicitor (Sol#0717908)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
     Telephone: (213) 894-4225
     Facsimile:  (213) 894-2064
chasek.daniel@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELAINE L. CHAO**,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                    Plaintiff,<br><br>           v.<br><br>**Trafficanda Egg Ranches, Inc.,** a California Corporation**; Paul Trafficanda**, Individually and as Managing Agent of the Corporate Defendant<br><br>                    Defendants. | Case No. CV08-07838 JSL (SSx)<br><br>**CONSENT JUDGMENT** |

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Secretary") and defendants Trafficanda Egg Ranches, Inc., a California corporation, and Paul Trafficanda, individually and as managing agent of the corporate defendant (collectively, "defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2), 15(a)(4), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2), 215(a)(4) and 215(a)(5).

B. Defendants have appeared and (after having been advised by Plaintiff of the right to retain the assistance of defense counsel) acknowledge receipt of a copy of the Secretary's Complaint.

C. Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F. Defendants neither admit nor deny the allegations contained in the Secretary's Complaint.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2), 15(a)(4), and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2), 215(a)(4) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40

hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not, contrary to FLSA §§ 12(c) and 15(a)(4), 29 U.S.C. §§ 212(c) and 215(a)(4), employ any oppressive child labor, as defined in FLSA § 3(l), in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s).

3. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendants, jointly and severally, shall not continue to withhold the payment of $239,310.29 in overtime pay hereby found to be due under the FLSA to 36 employees, as a result of their employment by Defendants during the period of January 17, 2006 through January 19, 2008 as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

5. Defendants shall pay the backwages, plus 3% annual interest on the outstanding balance starting from October 1, 2008, when Defendants paid an initial payment of $35,896.00, until the backwages required under this Judgment are paid in full, as set forth in paragraph 6 below. The attached Exhibit 2 sets forth the date each gross back wage payment must be made. As set forth in paragraph 6, below, Defendants shall make payments to employees directly and shall remit amounts due for legal deductions directly to the state and federal agencies when due. The total amount paid by Defendants shall be equal to the gross backwages, plus interest, listed on Exhibit 2.

6. Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd. Suite 960, Los Angeles, CA, 90017, the following:

a. On or before November 26, 2008, a schedule in duplicate bearing the firm name (that is highlighted in the caption of this Judgment), employer identification number(s), address, and phone number of the defendants and showing the name, last known home address, social security number, gross backwage amount (as listed in the attached Exhibit 1), the amounts of legal deductions for social security and withholding taxes thereon, and the total resulting net backwage amount for each person listed in the attached Exhibit 1.  The Defendants shall pay the amounts withheld for legal deductions directly to the applicable Federal or State agencies when due.

b. On or before November 26, 2008, and again on or before the 26th day of every month thereafter until the backwage recovery provisions of this Judgment have been satisfied in full for each person who is listed in the attached Exhibit 1, Defendants shall make net payments of the backwages due to each employee directly by check made payable to that employee.  Defendants shall pay the amounts withheld for legal deductions directly to the applicable Federal or State agencies when due. After monthly payment, Defendants shall supply proof satisfactory to the Plaintiff that Defendants have made such payments.

c. Within 30 days of the date of each payment due under paragraph b., above, and pursuant to Exhibit 2, for each person due a payment but who was not paid by Defendants, Defendants must supply to Plaintiff a check in the amount due to the employee made payable to the order of the particular person and the Wage & Hour Division of the U.S. Department of Labor, as <u>alternative</u> payees (for example, "Pay to the order of John Doe <u>or</u> the Wage & Hour Div., Labor").

d. In the event of any default in the timely making of any payment due hereunder, the full gross amount (under the backwage provisions of this Judgment) that then remains unpaid (plus post-judgment interest, from the date of this Judgment until the full

1  amount is paid in full, at the rate of 10 percent per annum on the full balance outstanding
2  from time to time, from the date of this Judgment until this Judgment is paid in full)
3  shall become due and payable upon sending by ordinary mail a written demand to the
4  last business address of the defendants known to the plaintiff; the manner of the immedi-
5  ate payment shall in the case of the back wages be a certified or cashier's check or
6  money order with the firm name and civil action number from the caption on the first
7  page of this Judgment and "net back wages" written thereon payable to the order of the
8  "Wage & Hour Div., Labor," and shall in the case of the interest on the back wages be a
9  separate certified or cashier's check or money order with the firm name and civil action
10 number and "backwage interest" written thereon payable to the order of the "Wage &
11 Hour Div., Labor."
12      The Secretary shall allocate and distribute the remittances, or the proceeds thereof,
13 less deductions for employees' share of social security and withholding taxes to the per-
14 sons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole
15 discretion, and any money not so paid within a period of three years from the date of its
16 receipt, because of an inability to locate the proper persons or because of their refusal to
17 accept it, shall be then deposited in the Treasury of the United States, as miscellaneous
18 receipts, pursuant to 29 U.S.C. § 216(c); and, it is further
19      e. On or before November 26, 2008, and again on or before the 26th day of each
20 month thereafter until the civil money penalty provisions for alleged overtime pay viola-
21 tions of this Judgment are satisfied in full, a certified or cashier's check or money order
22 with the firm name and "OT/CMP" written thereon payable to the order of "Wage &
23 Hour Div., Labor," in the amount of $1040.45 in payment of the civil money penalty as-
24 sessed against the defendants for alleged overtime pay violations, as reflected in Exhibit
25 2. Defendants shall also make an additional OT/CMP payment of $2,019.00, which was
26 due on October 1, 2008.
27      f. On or before November 26, 2008, a certified or cashier's check or money order
28 with the firm name and the civil action number and "CL/CMP" written thereon payable

1 to the order of the "Wage & Hour Div., Labor," in the amount of $8,992 in payment of
2 the civil money penalty assessed against the defendants for alleged child labor viola-
3 tions; and it is further

4     7. ORDERED that the filing, pursuit, and/or resolution of this proceeding with
5 the entry of this Judgment shall not act as or be asserted as a bar to any action under
6 FLSA § 16(b), 29 U.S.C. § 216(b), or as a preclusion to any defense, as to any employee
7 not named on the attached Exhibit 1 nor as to any employee named on the attached Ex-
8 hibit 1 for any period not specified therein; and, it is further

9     8. ORDERED that each party shall bear its own fees and other expenses incurred
10 by such party in connection with any stage of this proceeding, including but not limited
11 to attorneys' fees, which may be available under the Equal Access to Justice Act, as
12 amended; and, it is further

13     9. ORDERED that this Court shall retain jurisdiction of this action for purposes
14 of enforcing compliance with the terms of this Consent Judgment.

Dated: _Dec. 15, 2008_____.

                           _____
                           SENIOR U.S. DISTRICT COURT JUDGE

For the Defendants:

Each defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

For: Trafficanda Egg Ranches, Inc.

By: PAUL TRAFFICANDA                      11/18/08
    Authorized Agent                       Date

Its: President

_____            11/18/08
Paul Trafficanda                           Date

_____            11/17/08
Robert Levinson, Esq.                      Date
Attorney for the Defendants

For the plaintiff:

GREGORY F. JACOB
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

_____            11/26/08
DANIEL J. CHASEK                           Date
Acting Associate Regional Solicitor
Attorneys for the Plaintiff

Consent Judgment (Sol#0717908))                          Page 7 of 10

# Exhibit 1

| NAMES | PERIODS COVERED HEREIN | | | AMOUNTS DUE |
|---|---|---|---|---|
| AGUILAR, Audon A | 07/22/06 | - | 01/19/08 | $ 7,144.46 |
| AGUILAR, Victor | 04/08/06 | - | 01/19/08 | 3,550.60 |
| AMAYA, Ronald | 09/08/07 | - | 01/19/08 | 1,485.60 |
| AMAYA, Wilfredo | 04/07/07 | - | 01/19/08 | 3,890.00 |
| ARAIZA, Saul | 01/21/06 | - | 01/19/08 | 12,677.75 |
| AVILA, Rene | 10/07/06 | - | 01/19/08 | 6,409.47 |
| BARRERA, Byron | 07/22/06 | - | 01/19/08 | 3,458.40 |
| CANALES, Jose Luis Rubio | 01/06/07 | - | 01/19/08 | 4,154.16 |
| CASTANEDA, Pablo | 07/22/06 | - | 01/19/08 | 8,340.00 |
| CASTILLO, Eduardo | 07/22/06 | - | 01/19/08 | 6,015.44 |
| CONTRERAS, Luis | 09/08/07 | - | 01/19/08 | 1,228.80 |
| DIAZ, Luis Ramon | 04/07/07 | - | 01/19/08 | 3,798.40 |
| GUTIERREZ, Humberto | 09/09/06 | - | 01/19/08 | 5,517.80 |
| JURADO, Hector | 07/22/06 | - | 09/02/06 | 337.50 |
| JUAREZ, Roberto | 07/22/06 | - | 01/19/08 | 7,088.56 |
| LEMUS, Aaron | 01/06/07 | - | 01/19/08 | 5,065.13 |
| LETRAN, Johan Jairo | 07/22/06 | - | 01/19/08 | 5,454.23 |
| LIMA, Edgar | 07/22/06 | - | 01/19/08 | 8,830.09 |

| # | Name | Start | | End | Amount |
|---|---|---|---|---|---|
| 1 | LOPEZ, Orlando Raymundo | 09/09/06 | - | 01/19/08 | 7,731.50 |
| 2 | MARQUEZ, Juan Manuel | 07/22/06 | - | 01/19/08 | 5,108.48 |
| 4 | MORENO, Rafael | 07/22/06 | - | 01/19/08 | 11,115.95 |
| 5 | NILA, Juan Carlos | 07/22/06 | - | 01/19/08 | 16,381.68 |
| 7 | OCHOA, Herberth | 07/22/06 | - | 01/19/08 | 6,322.80 |
| 8 | PORTILLO, Carlos Alfredo | 07/22/06 | - | 01/19/08 | 10,118.40 |
| 9 | RODAS, Marvin Roberto | 07/22/06 | - | 09/02/06 | 357.00 |
| 11 | RODRIGUEZ, Marcos | 11/17/07 | - | 01/19/08 | 460.40 |
| 12 | ROMERO, Edwin | 07/22/06 | - | 01/19/08 | 10,531.91 |
| 14 | ROMERO, Kevin | 12/08/07 | - | 12/29/07 | 133.60 |
| 15 | ROMERO, Leonel | 07/22/06 | - | 01/19/08 | 18,968.40 |
| 17 | ROMERO, Reynaldo | 07/22/06 | - | 01/19/08 | 7,375.43 |
| 18 | ROMERO, Steven | 12/15/07 | - | 01/05/08 | 111.60 |
| 19 | SANCHEZ, Rigoberto | 07/22/06 | - | 01/19/08 | 8,276.78 |
| 21 | SANTANA, Jose Luis | 07/22/06 | - | 01/19/08 | 15,804.08 |
| 22 | VENTURA, Jose Garay | 07/22/06 | - | 01/19/08 | 10,842.89 |
| 24 | VERGANZA, Rafael | 07/22/06 | - | 01/19/08 | 8,698.00 |
| 25 | ZELAYA, Alan | 07/22/06 | - | 09/01/07 | 6,525.00 |

**Consent Judgment** (Sol#0717908))                                    **Page 9 of 10**

# Exhibit 2

Initial Payment Due 10/1/08: $35,896.00 (BW) and $2,019.00 (FLSA CMP)

| Payment Date | Amount Due | Interest Due | Total Due | |
|---|---|---|---|---|
| 11/26/2008 | $18,262.21 | $508.54 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 12/26/2008 | $18,307.87 | $462.88 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 01/26/2009 | $18,353.64 | $417.11 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 02/26/2009 | $18,399.52 | $371.23 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 03/26/2009 | $18,445.52 | $325.23 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 04/26/2009 | $18,491.64 | $279.11 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 05/26/2009 | $18,537.87 | $232.88 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 06/26/2009 | $18,584.21 | $186.54 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 07/26/2009 | $18,630.67 | $140.08 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 08/26/2009 | $18,677.25 | $93.50 | $18,770.75 | (BW) |
| | $1,040.45 | $0.00 | $1,040.45 | (FLSA CMP) |
| 09/26/2009 | $18,723.89 | $46.81 | $18,770.70 | (BW) |
| | $1,040.50 | $0.00 | $1,040.50 | (FLSA CMP) |